IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-280-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOYON RASHAD JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On February 23, 2010, pursuant to a written plea agreement, Toyon Rashad Jones, Jr. ("Jones") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) (count one), willfully engaging in the business of dealing in firearms without a license (count six), and being a felon in possession of a firearm (count seven). See [D.E. 61, 62]. On June 24, 2010, the court held Jones's sentencing hearing. See [D.E. 76, 78]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Jones's objection to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Jones's total offense level to be 33, his criminal history category to be V, and his advisory guideline range on count one to be 210 to 262 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 216 months' imprisonment on count one, 60 months' concurrent imprisonment on count six, and 120 months' concurrent imprisonment on count seven. See id.; [D.E. 76, 78]. Jones did not appeal.

On July 20, 2015, Jones moved (pro se) for a sentence reduction. See [D.E. 100]. On January 29, 2016, Jones moved (through counsel) for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 116]. On March 1, 2016, the

government responded. See [D.E. 117]. Jones's new advisory guideline range on count one is 168 to 210 months' imprisonment, based on a total offense level of 31 and a criminal history category of V. See Resentencing Report. Jones requests a 173-month sentence on count one. See id.; [D.E. 116].

The court has discretion under Amendment 782 to reduce Jones's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Jones's sentence, the court finds that Jones engaged in serious criminal behavior involving narcotics and firearms. See PSR ¶¶ 11–13. Moreover, Jones is a recidivist and has convictions for possession of a schedule II controlled substance, possession of stolen goods, resisting a public officer (two counts), hit and run-leaving the scene of an accident, hit and run-property damage, reckless driving to endanger, and flee to elude arrest with a motor vehicle. See PSR ¶¶ 17–23. Jones also has performed poorly on supervision and has essentially no work history. See id. ¶¶ 17, 19, 28, 40–41. Jones has taken some positive steps while incarcerated on his federal sentence, but he has sustained disciplinary infractions for possessing an unauthorized item and phone abuse. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Jones received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Jones's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Jones's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Jones's motions for reduction of sentence [D.E. 100, 116].

SO ORDERED. This 31 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge