IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-280-D
No. 5:20-CV-271-D

| | |
|---|---|
| TOYON RASHAD JONES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

On June 16, 2020, Toyon Rashad Jones, Jr. ("Jones" or "petitioner") moved to vacate his conviction under 28 U.S.C. § 2255 [D.E. 137] and filed a corrected motion on June 18, 2020 [D.E. 141]. In the motions, Jones sought relief from his 2010 felon in possession of a firearm conviction based on United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020). See [D.E. 137, 141]. According to Jones, it was structural error for the court to accept his guilty plea to being a felon in possession of a firearm because the court did not inform him that he had to know that he was a felon. See [D.E. 137, 141]. Jones asked the court to vacate his 2010 guilty plea to that count. See [D.E. 137, 141]. On September 17, 2020, the court stayed the action pending additional appellate proceedings in Gary. See [D.E. 145].

On June 14, 2021, the Supreme Court of the United States reversed the decision of the United State Court of Appeals for the Fourth Circuit in Gary. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021). The Court held that Rehaif error is not structural. See id.; cf. Rehaif v. United States, 139 S. Ct. 2191, 2195–2200 (2019) (holding that the government must prove not only that defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the

firearm). In light of Greer, Jones's section 2255 motion based on the alleged structural error in Gary fails. Thus, the court dismisses Jones's motions for failure to state a claim upon which relief can be granted.

Alternatively, section 28 U.S.C. § 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

Jones did not appeal his 2010 conviction. See [D.E. 78]. The court entered Jones's judgment on July 2, 2010. See id. Jones's conviction became final on July 16, 2010, and his time to file a section 2255 motion ended on July 16, 2011. See Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Sanders, 247 F.3d 139, 142–44 (4th Cir. 2001). Jones, however, did not file his section 2255 motion until June 16, 2020 [D.E. 137]. Thus, Jones's section 2255 motion is untimely under section 2255(f). Accordingly, the court dismisses Jones's section 2255 motions as untimely under section 2255(f).

Alternatively, Jones procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Jones from presenting his claim under section 2255.

2

See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); Sanders, 247 F.3d at 144. Furthermore, Jones has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Jones's plea agreement contains an appellate waiver. See [D.E. 62] ¶ 2(c). In the waiver, Jones agreed

> [t]o waive all rights, conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Jones's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Jones's claim concerning his felon in possession of a firearm conviction falls within the appellate waiver. Accordingly, the waiver bars the claim.

After reviewing the claim presented in Jones's motions, the court finds that reasonable jurists would not find the court's treatment of Jones's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of

appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

On May 11, 2021, Jones moved to reconsider this court's order of May 8, 2020, which denied relief to Jones under the First Step Act. See [D.E. 149]; cf. [D.E. 135] (order of May 8, 2020). The motion for reconsideration lacks merit and is denied.

In sum, the court LIFTS the stay, DISMISSES Jones's motions to vacate [D.E. 137, 141], DENIES Jones's motion for reconsideration [D.E. 149], and DENIES a certificate of appealability.

SO ORDERED. This 7 day of July 2021.

JAMES C. DEVER III
United States District Judge